

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 03-3226** |
| **SHERIFF CHARLES C. FOTI, JR., ET AL.** | **SECTION "C" (3)** |

### REPORT AND RECOMMENDATION

On November 13, 2003, plaintiff filed this federal civil rights lawsuit against former Sheriff Charles C. Foti, Jr., and Julie Langham regarding a dispute over plaintiff's inmate account.[1]

---

[1] This is the third Report and Recommendation issued in this case. On August 3, 2004, the undersigned United States Magistrate Judge issued a report recommending that plaintiff's complaint be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) for failure to effect service. Rec. Doc. 4. On August 25, 2004, the United States District Judge, while holding in abeyance consideration of that Report and Recommendation, remanded the matter for a determination of whether plaintiff's complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Rec. Doc. 6. On November 19, 2004, a second report was issued recommending that the matter not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), but again recommending dismissal pursuant to Fed.R.Civ.P. 4(m). Rec. Doc. 9. On January 12, 2005, the United States District Judge ordered plaintiff to file proof of service in the record, Rec. Doc. 11, which plaintiff did on February 10, 2005, Rec. Doc. 13. In light of that fact, the United States District Judge found that the recommendation of dismissal pursuant to Fed.R.Civ.P. 4(m) was moot and remanded the matter for further proceedings. Rec. Doc. 14.

Defendants have filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56,[2] which plaintiff has opposed.[3] The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).

Based on plaintiff's complaint and Spears hearing[4] testimony, the Court finds that plaintiff is making the following allegations in this lawsuit.

---

[2] Rec. Doc. 18.

[3] Rec. Doc. 20.

[4] A Spears hearing was held on September 30, 2004, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff claims that he was transferred from the Orleans Parish Prison system in June 2001, leaving a balance of $391.26 in his inmate account. Upon his return to the Orleans Parish Prison system in August 2002, he asked that the $391.26 be returned to his account. Julie Langham, the "overseer" of the prisoner accounts, told plaintiff that he was not owed any money from his 2001 prison account. She explained that payment was stopped on a $500 money order that had previously been credited to his account in March 2001. Langham said that, therefore, the prison did not owe plaintiff $391.26, but rather he owed the prison $108.74. Plaintiff subsequently received another $500 money order which he deposited into his prison account. At that time, prison officials deducted from that amount the $108.74 they said he still owed as a result of the stop-payment order on the original money order. Plaintiff filed this federal lawsuit because defendants refused to refund the $500 he feels he is owed, i.e. the $391.26 he left in his original account and the $108.74 deducted from his new account. Plaintiff disputes defendants' allegations that there was a stop-payment order issued on the original money order, and he claims that the $500 was taken from him without due process.

Attached to defendants' motion for summary judgment is an affidavit from Juliet T. Langham, a defendant herein, in which she states:

1) She is the comptroller of the Orleans Parish Criminal Sheriff's Office and has been so employed since July 6, 1986.

2) She has reviewed and is familiar with the inmate account of Clarence Williams.

3) The inmate account is attached as Exhibit A and is a true and correct copy of Clarence Williams' inmate account kept in the normal course of business of the Orleans Parish Criminal Sheriff's Office.

4) On March 27, 2001, a $500 money order was received and deposited into Clarence Williams' account.

5) On June 18, 2001, the Sheriff's Office received a stop payment on the $500 money order.

6) The amount remaining in Clarence Williams account as of June 18, 2001 was 391.26.

7) The $391.26 was removed from the account to partially cover the stop payment on the $500 money order.

8) On August 7, 2002, Clarence Williams received another deposit into his account of $179.87.

9) On October 9, 2002, $108.74 was deducted from the account to cover the remaining amount owed to the Sheriff's Office due to the March 27, 2001 money order being cancelled.[5]

In his opposition, plaintiff argues, as he has all along, that defendant's records are simply inaccurate because payment was never stopped on the money order. Plaintiff has attached a copy of the money order showing that it was purchased from the United States Postal Service on March 22, 2001, by Favette W. Charles in the amount of $500 and made payable to plaintiff. He has also attached a letter to defendant Langham from attorney Ronald J. Rakosky, dated November 23, 2002, in which he states that Ms. Charles denies ever having stopped payment on the money order.[6]

While all parties have submitted evidence in support of their positions, that evidence proves very little. It is true that the computer print-out of plaintiff's inmate account reflects two entries listed as "SV DEPOSIT CORR" totaling $500 in deductions from the account. That fact is not disputed; rather, plaintiff's lawsuit is based on the fact that such deductions were made. However,

---

[5] Rec. Doc. 18, Exhibit A.

[6] Rec. Doc. 20.

4

that print-out does not indicate that why those deductions were made.  Moreover, defendants have submitted no evidence, other than defendant Langham's unsubstantiated, self-serving assertions, that those deductions were made because payment was stopped on the March 2001 money order *or* that payment was *in fact* stopped on that money order.  On the other hand, plaintiff has submitted a copy of receipt showing that the money order was purchased.  Again, however, that is not truly disputed either; rather, defendants take the position that payment was stopped after purchase.  Plaintiff offers no proof to the contrary, other than his self-serving assertions that payment was not stopped and the hearsay statement contained in Rakosky's letter.

The fact which *is* disputed, and on which no convincing evidence has been offered by any party, is whether payment was in fact stopped.  That disputed fact is clearly material, in that it is crucial to the resolution of the issue of whether plaintiff has been harmed by defendants' actions.  While plaintiff will bear the burden of establishing that fact at trial, he does not bear that burden with respect to defendants' motion.  Rather, defendants, as movants herein, bear the burden of showing that there is no genuine issue of material fact with respect to whether payment was stopped.  Langham's affidavit and the computer print-out fall far short of making that showing.  Because defendants have not met their initial burden with respect to their motion, the motion for summary judgment should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion for summary judgment be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of June, 2005.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**